UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
BRAD LEROY B.,

                        Plaintiff,          DECISION AND ORDER
                                                1:24-cv-09490-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In March of 2022, Plaintiff Brad Leroy B.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

      This case was referred to the undersigned on July 8, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.   *Administrative Proceedings*

Plaintiff applied for benefits on March 25, 2022, alleging disability beginning May 1, 2021. (T at 17).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on January 31, 2024, before ALJ Sharda Singh. (T at 32-56). Plaintiff appeared with an attorney and testified. (T at 38-47). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 49-55).

### B.   *ALJ's Decision*

On May 7, 2024, the ALJ issued a decision denying the application for benefits. (T at 14-31).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2021 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2026 (the date last insured). (T at 19).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

The ALJ concluded that Plaintiff's multilevel degenerative disc disease of the lumbar spine, right shoulder rotator cuff injury, and degenerative disc disease of cervical spine were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch and crawl; but never overhead reach with his upper extremities. (T at 22).

The ALJ concluded that Plaintiff could not perform his past relevant work as a truck driver and garbage collection driver. (T at 26). However, considering Plaintiff's age (45 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 1, 2021 (the alleged onset date) and May 7, 2024 (the date of the ALJ's decision). (T at 27).

On October 16, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on December 12, 2024. (Docket No. 1).  On May 20, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 15).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on July 17, 2025. (Docket No. 16).

## II.  APPLICABLE LAW

A.   Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two primary arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's step two severity analysis.  Second, Plaintiff argues that the ALJ's assessment of his physical limitations was flawed, which undermines the RFC determination. The Court will address each argument in turn.

A.   *Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly

limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments. *See* 20 C.F.R. § 404.1520a(a). The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id.* at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

In the present case, the ALJ recognized Plaintiff's obsessive-compulsive disorder as a medically determinable impairment but concluded that it did not cause more than minimal limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 19).  The ALJ noted that Plaintiff alleged anxiety and depression but found insufficient evidence to substantiate those impairments. (T at 19-20).

The ALJ assessed mild limitation in Plaintiff's ability to understand, remember, or apply information; no impairment as to interacting with others; no limitation with respect to concentration, persistence, or pace; and no impairment in adapting or managing himself. (T at 20).

So, the ALJ concluded that Plaintiff had no severe mental impairment(s), as defined under the Social Security Act. (T at 20-21).

The Court finds that the ALJ's decision must be sustained under the deferential standard of review applicable here.

While the record contains conflicting opinions regarding Plaintiff's mental functioning it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

In so doing, the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Here, the ALJ's assessment of no more than mild limitation in Plaintiff's mental functioning is supported by the opinion of Dr. L. Hoffman, a non-examining State Agency review physician, who found no limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 62-63).

Additional support is found in the opinion of Dr. Ochoa, another State Agency review physician, who assessed mild limitation in Plaintiff's ability to understand, remember, or apply information, but no impairment as to his

capacity to interact with others; sustain concentration, persistence, or pace; and adapt and manage himself. (T at 74).[3] *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

The ALJ's decision is also supported by a reasonable reconciliation of the consultative examiners' opinions and appropriate consideration of Plaintiff's own statements.

Dr. Alison Murphy performed a consultative psychiatric evaluation in March of 2023 and opined that Plaintiff had no limitation with respect to understanding, remembering, or applying simple or complex directions and instructions. (T at 358). Dr. Konstantinos Tsoubris performed a consultative psychiatric evaluation in October of 2022 and assessed no limitation in Plaintiff's capacity to use reason and judgment to make work-

---

[3] Although one section of Dr. Ocha's assessment references a finding of severe mental impairment (T at 74), Dr. Ocha affirmed Dr. Hoffman's opinion (which found no severe mental impairment) and, as discussed above, Dr. Ocha assessed no more than mild limitation in Plaintiff's mental functioning.

related decisions. (T at 353). Plaintiff reported that he follows written and spoken instructions "very well." (T at 265).

With respect to social interaction, Dr. Murphy assessed no limitation in Plaintiff's ability to interact adequately with supervisors, co-workers, or the public. (T at 358). Plaintiff stated that he does not have "any problems getting along with family, friends, neighbors, or others" and gets along "very well" with authority figures. (T at 264-65).

Regarding Plaintiff's ability to maintain concentration, persistence, and pace, Dr. Murphy assessed mild limitation and found no impairment in Plaintiff's capacity to sustain an ordinary routine and regular attendance at work. (T at 358).

With respect to the domain of adapting and managing himself, Dr. Murphy assessed no limitation. (T at 358). Plaintiff reported that he could manage money, care for pets, and tend to his personal care (T at 20, 238-40, 261-64).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may consider those activities when assessing the level of limitation in the claimant's functioning. *See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation*

*adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

Plaintiff points to portions of the consultative examiners' opinions in which they assessed moderate or marked impairment. The ALJ, however, reasonably found those aspects of the opinions unpersuasive. (T at 21).

For example, Dr. Tsoubris assessed marked impairment with respect to social interaction (T at 353), which is inconsistent with Dr. Murphy's opinion that Plaintiff had no limitation in this domain (T at 358) and with Plaintiff's own statements that he did not have problems with peers or authority figures. (T at 264-65).

Dr. Murphy found moderate limitation in Plaintiff's ability to use reason and judgment to make work-related decisions (T at 358), but Dr. Tsoubris assessed no limitation in this domain. (T at 353). *See Young v. Kijakazi*, No. 20-CV-03604 (SDA), 2021 WL 4148733, at *10 (S.D.N.Y. Sept. 13, 2021)(declining to remand based on ALJ's failure to consider consistency between medical opinions because opinions were "in fact significantly *inconsistent* with one another in the areas where they substantively overlap")(emphasis added)

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions. Nonetheless, for the reasons

13

discussed above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

    B.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the

14

final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as discussed above, the ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a reduced range of light work. (T at 22). Plaintiff challenges this conclusion by pointing to assessments from Dr. Paul Mercurio, a consultative examiner, which show greater limitation.

For the following reasons, the Court finds no reversible error in this part of the ALJ's decision.

Dr. Mercurio performed a consultative examination in August of 2022. He diagnosed uncontrolled hypertension, chronic bilateral shoulder pain, chronic low and upper back pain, and chronic bilateral knee and heel pain. (T at 345). Dr. Mercurio assessed no limitation in Plaintiff's ability to sit or stand; mild limitation with respect to walking and moderate limitation as to repetitively climbing stairs; moderate impairment in bending; and marked limitation in lifting, carrying, kneeling, and overhead reaching bilaterally. (T at 346).

Dr. Mercurio performed a second examination in March of 2023. He diagnosed chronic bilateral foot and leg pain; chronic upper and lower back pain; chronic bilateral shoulder pain; hypertension; and alcohol use disorder. (T at 364). In his second evaluation, Dr. Mercurio assessed

15

slightly different limitations, including moderate limitation as to walking, bending, and lifting and mild limitation with respect to standing. (T at 364).

The ALJ found Dr. Mercurio's opinions persuasive, but did not clearly articulate how he reconciled the differences between the two opinions or accounted for the areas in which Dr. Mercurio assessed more significant limitation. (T at 25).

The Court can nevertheless evaluate the rationale of the ALJ's decision and, therefore, finds the RFC determination supported by substantial evidence. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Here's why.

First, "a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have

consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

Second, two State Agency review consultants, Dr. K. Gallagher and Dr. J. Sharif-Najafi opined that Plaintiff retained the RFC to perform light work with limitations as to climbing and overhead reaching. (T at 65-68, 77-78).

Third, the ALJ accounted for the limitations with respect to climbing by limiting Plaintiff to occasionally climbing ramps and stairs and precluding him from climbing ladders, ropes, and scaffolds. (T at 22). The ALJ addressed overhead reaching by limiting Plaintiff to work that did not involve that activity. (T at 22).

Fourth, the ALJ reasonably read the record as consistent with a reduced range of light work, including relatively normal imaging findings, clinical examinations, and activities of daily living. (T at 25, 263, 295-96, 344-445, 363, 373-76, 380-83, 384-85, 388, 412).

While Plaintiff may suffers from pain and have some limitation, the ALJ did not dismiss this evidence and, instead, found Plaintiff limited to a reduced range of light work. (T at 22).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ relied on a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living. This is sufficient to sustain the disability determination under the deferential standard of review applicable here.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: August 14, 2025                    *s/ Gary R. Jones*
                                          GARY R. JONES
                                          United States Magistrate Judge